SHANON J. MCGINNIS (SBN 284234)
smcginnis@wargofrench.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wargofrench.com
SCOTT R. LAES (SBN 307894)
slaes@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone: (310) 853-6300
Facsimile: (310) 853-6333

Attorneys for Defendants Select Portfolio Servicing, Inc. and U.S. Bank National
Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities
Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-
Through Certificates, Series AEG 2006-HE1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA M. WARNER a/k/a Sheila Mendoza Warner, aka Sheila M. Mendoza Warner, an individual; and RICHARD N. WARNER, a/k/a Richard N. Mendoza an individual, | Case No. 8:16-CV-00753-AG-RAO |
| | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION [D.E. #7]** |
| Plaintiff, | |
| vs. | Complaint filed March 11, 2016 |
| SELECT PORTFOLIO SERVICING, INC., a Corporation; U.S. BANK NATIONAL ASSOCIATION, as Trustee, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES AEG 2006-HE1 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES AEG 2006-HE1; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE REAL PROPERTY KNOWN AS "16576 Daily Ave. Fountain Valley, CA 92708"; and DOES 1-50, Inclusive | |
| Defendants. | |

Law Offices
**Wargo & French LLP**
1888 Century Park East, Suite 1520
Los Angeles, CA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. __INTRODUCTION__

This matter was removed from state court on diversity grounds, pursuant to 28 U.S.C. § 1332, by Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1 (the "Trust") (collectively, "Defendants"). [D.E. #1.] On May 3, 2016, the Court issued an Order to Show Cause re Jurisdiction ("OSC") given its "concerns that it has subject matter jurisdiction over this case." [D.E. #7.] The Court ordered Defendants to respond to the OSC on or by May 31, 2016. [*Id.*]

## II. __RESPONSE TO ORDER TO SHOW CAUSE__

Defendants further elaborate herein on the grounds for this Court's subject-matter jurisdiction set forth in the Notice of Removal [D.E. #1]. Defendants remain available to respond to any specific jurisdictional concerns the Court may have, either at a Court hearing or via additional briefing.

### A. **Diversity of Citizenship**

The parties are completely diverse given that: (i) SPS is a citizen of the State of Utah; (ii) the Trust is a citizen of the State of Delaware; and (iii) Plaintiffs Sheila and Richard Warner ("Plaintiffs") admit in their Complaint that they are citizens of the State of California. [*Id.*] Specifically, Plaintiffs admit that they have resided in the State of California "at all times material herein," that their home is located in the State of California, and that at least one plaintiff is an employee of the State of California. [D.E. #1-3 at ¶¶ 3-4, 17, 20.] These facts sufficiently establish that California is Plaintiffs' "permanent home, where [they] reside with the intention to remain," and therefore that they are domiciled in California. *Szanto v. Persolve, LLC*, No. SACV150241AGDFMX, 2015 WL 8297001, at *3 (C.D. Cal. Dec. 2, 2015); *see also Gutterman v. Wachovia Mortg.*, No. CV 11-1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011) (finding, on removal, plaintiff's allegations that he

-1-

1    resided and owned property in California were sufficient to establish domicile in

2    California); *Masarweh v. Hobart Corp.*, No. CIV F 06-0604 OWW DLB, 2006 WL

3    2067073, at *2-3 (E.D. Cal. July 22, 2006) (finding, on removal, plaintiff's

4    allegations that he resided and worked in California were sufficient to establish

5    domicile in California); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520

6    (10th Cir. 1994) (observing that absent evidence to the contrary, "the place of

7    residence is *prima facie* the domicile").

8          **B.    Amount in Controversy**

9          The amount in controversy is also  satisfied, because Plaintiffs' Complaint

10   seeks to quiet title to real property and the property value well exceeds $75,000.00.

11   [D.E. #1-3 at 74-85 (quiet title cause of action); p. 23 (prayer for relief including an

12   injunction or declaration that "Plaintiff is [sic] the rightful owner of the subject

13   property").]  It is well established that in claims for equitable relief, "the amount in

14   controversy is measured by the object of litigation."  *Hunt v. Wash. State Apple*

15   *Adver. Comm'n*, 432 U.S. 333, 347 (1977).  Moreover, in an action to quiet title, "the

16   object of the litigation is the real estate itself."  *Chapman v. Deutsche Bank Nat. Trust*

17   *Co.*, 651 F. 3d 1039, 1045 n.2 (9th Cir. 2011).

18         Preliminarily, as shown in the Notice of Removal, the value of the property is

19   currently estimated to be approximately $714,189.00 [D.E. #1-4], which is in and of

20   itself sufficient evidence of the amount-in-controversy.  *See Chapman*, 651 F.3d at

21   1045 n.2 (property value assessed at "more than $200,000" sufficient to support

22   jurisdiction in quiet title case); *Warwick v. Bank of N.Y. Mellon*, No. CV 15-3343 SS,

23   2015 WL 4397763, at *4 (C.D. Cal. July 17, 2015) ("Nowhere in their Motion to

24   Remand or Reply do Plaintiffs dispute that the current value of the property at issue

25   exceeds $75,000.")  Alternately, the Court may find that because the original value of

26   the loan secured by the subject property was $615,200.00 [D.E. #1-3, Ex. A], and the

27   current unpaid principal balance of the loan is approximately $457,555.00 [D.E. #1 at

28   ¶ 12], it is "more likely than not" that the property value exceeds $75,000.00.

Law Offices
**Wargo & French LLP**
1888 Century Park East, Suite 1520
Los Angeles, CA 90067

Law Offices
**Wargo & French LLP**
1888 Century Park East, Suite 1520
Los Angeles, CA 90067

1    *Sanchez v. Monumental Live Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

2        There have been cases where courts, including this Court, have found that the

3 value of the property may not be the actual amount in controversy. *See, e.g., Olmos v.*

4 *Residential Credit Solutions, Inc.*, 92 F. Supp. 3d 954, 957 (C.D. Cal. 2015); *Moreno*

5 *v. Select Portfolio Servicing, Inc.*, CV-F-10-503 OWW/SKO, 2010 WL 2525980, at

6 *8-9 (E.D. Cal. June 23, 2010); *Soto v. Litton Loan Servicing*, C 10-5099 MEJ, 2011

7 WL 724746 (N.D. Cal. Feb. 22, 2011). However, each of these cases—and others

8 with similar holdings—involve a situation unlike that presently at issue.

9        In *Olmos*, the plaintiff sought only a temporary halt to foreclosure proceedings

10 so that his modification application could be processed. 92 F. Supp. 3d at 957. Based

11 on this, the Court held that the amount in controversy could not be the entire value of

12 the property, but was merely the costs incurred by a delay in foreclosure. *Id.* In

13 *Moreno*, the court held that the defendant failed to establish the $75,000 amount in

14 controversy in a lawsuit to enjoin foreclosure, where it pointed only to a deed of trust

15 securing a $448,000 loan and did not discuss the ramifications of a temporary

16 injunction versus an "unending" injunction. 2010 WL 2525980 at *9. Finally, in

17 *Soto*, the plaintiffs were merely attempting to "obtain a loan modification, not to

18 rescind the mortgage loan." 2011 WL 724746 at *3.

19        In stark contrast to the cases cited above, where the plaintiffs were not seeking

20 wholesale ownership of the mortgaged property but instead at most sought an

21 injunction preventing foreclosure for a certain period of time, Plaintiffs in this case

22 have unambiguously demanded the Court grant them ***complete interest in, and***

23 ***ownership of, the Subject Property***. [D.E. #1-3 at ¶ 77.] Plaintiffs specifically seek

24 "to quiet title against the claims to the property of all Defendants," and request an

25 order of this Court finding that Defendants "do not have any legal or equitable right,

26 claim, title, estate ***lien or interest*** in the Property." [*Id.* at ¶¶ 77, 81 (emphasis

27 added).] As such, *Olmos*, *Moreno*, and *Soto* are distinguishable. The amount-in-

28

-3-

1    controversy analysis in cases such as *Chapman*, *Warwick*, and/or *Sanchez* is directly

2    on point and removal is proper.

3    **III.    CONCLUSION**

4          Given the foregoing, Defendants respectfully request that the Court discharge

5    the OSC and permit the litigation to proceed in this Court.

6

7    DATED:  May 26, 2016          WARGO & FRENCH LLP

8

9                                 By:  _s/ Scott R. Laes_
                                       SHANON J. MCGINNIS
10                                     JEFFREY N. WILLIAMS
                                       SCOTT R. LAES

11
                                  Attorneys for Defendants Select Portfolio Servicing,
12                                Inc. and U.S. Bank National Association, as Trustee,
                                  on Behalf of the Holders of the Asset Backed
13                                Securities Corporation Home Equity Loan Trust,
                                  Series AEG 2006-HE1 Asset Backed Pass-Through
14                                Certificates, Series AEG 2006-HE1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
**Wargo & French LLP**
1888 Century Park East, Suite 1520
Los Angeles, CA 90067

-4-