UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings: [IN CHAMBERS] ORDER REMANDING CASE**

Plaintiffs Sheila and Richard Warner sued two Defendants in California state court: Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AEG 2006-HE1 Asset Backed Pass-Through Certificates, Series AEG 2006-HE1 ("U.S. Bank"). The Warners asserted eight claims related to a home loan they got. SPS and U.S. Bank removed the case to federal court.

The Court REMANDS this case and VACATES all other pending matters.

## 1. LEGAL STANDARD

Before getting into an analysis of these facts, it's important to understand subject matter jurisdiction generally and diversity jurisdiction specifically, as well as how the sham defendant doctrine fits into all this.

### 1.1 Subject Matter Jurisdiction Generally

The Constitution confines federal courts' power to rule to certain subject matters. *See* U.S. Const. art. III, § 2. Courts themselves police their exercise of power. They take this sacred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

duty seriously and guard their limited jurisdiction jealously. *See Abramson v. Marriott Ownership Resorts, Inc.*, No. SACV 15-0135 AG (JCGx), ___ F. Supp. 3d ___, 2016 WL 105889, at *1 (C.D. Cal. Jan. 4, 2016).

This jealousy gets expressed in a lot of ways. The Court has discussed these ways before, but repeats them here. *See Onsite Nurse Concierge LLC v. Myonsite Healthcare, LLC*, No. SACV 16-0509 AG (PLAx), 2016 WL 2853504, at *1 (C.D. Cal. May 16, 2016). First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.* Second, federal courts demand that parties arguing for jurisdiction address jurisdiction as soon as they get to the federal courthouse doors, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a). Third, federal courts raise jurisdiction whenever they think it's a question, at any point in a case, on their own without the parties' involvement. *See* Fed. R. Civ. P. 12(h)(3). Fourth, federal courts are particularly skeptical of cases removed from state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Consistent with courts' jealousy, ties go to plaintiffs. The strong presumption against removal jurisdiction means that defendants always have the burden of establishing that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Id.*

### 1.2 Diversity Jurisdiction Specifically

One particular flavor of subject matter jurisdiction, diversity jurisdiction, is relevant here. Diversity jurisdiction allows federal courts to rule in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Further, diversity jurisdiction requires that each plaintiff in a case be a citizen of a different state than each defendant—in other words, that there be complete diversity. *See id.*; *Abramson*, 2016 WL 105889, at *1.

**CIVIL MINUTES - GENERAL**
Page 2 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

### 1.3 The Sham Defendant Doctrine

The sham defendant doctrine—sometimes labeled as fraudulent joinder—is also implicated here. A defendant trying to get into federal court will often argue that a party the plaintiff brought into the lawsuit was only included to prevent potential or destroy existing diversity in a case where diversity jurisdiction might otherwise exist. For a defendant to succeed on this argument, the defendant must convince the court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). If a defendant is persuasive, the court is supposed to ignore the citizenship of the fraudulently joined sham defendant when deciding whether there's the requisite diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Padilla*, 697 F. Supp. 2d at 1158.

## 2. BACKGROUND

There have been a few procedural twists and turns since the Warners first filed their case in state court and SPS and U.S. Bank removed it to federal court. A timeline is helpful.

- On May 3, 2016, the Court issued an order to show cause ("OSC 1") regarding subject matter jurisdiction, among other things. OSC 1 required written responses from both sides by May 31, 2016.

- On May 9, 2016, SPS and U.S. Bank filed a motion to dismiss and a supporting request for judicial notice, setting the matter for hearing on June 6, 2016.

- The Warners didn't file any timely opposition to the motion to dismiss.

- On May 26, 2016, SPS and U.S. Bank filed their response to OSC 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

- On May 31, 2016, the Warners filed a first amended complaint and their response to OSC 1. In the first amended complaint, the Warners added a non-diverse party, Innovative Financial Services, Inc. ("IFS").

- On June 1, 2016, SPS and U.S. Bank filed a supplemental response to the OSC, arguing that IFS is a sham defendant, added solely to destroy this Court's jurisdiction.

- On June 3, 2016, the Court vacated the June 6, 2016, hearing on the motion to dismiss because the original complaint it attacked was no longer the operative complaint. Further, the Court renewed its order to show cause ("OSC 2"), requiring the parties to file papers addressing whether the addition of IFS destroyed federal jurisdiction.

- On June 17, 2016, SPS and U.S. Bank filed a motion to dismiss the first amended complaint, setting the matter for hearing on July 18, 2016.

Each side filed papers responding to OSC 2. Predictably, the Warners argue that IFS isn't a sham defendant and the Court doesn't have subject matter jurisdiction, while SPS and U.S. Bank argue that IFS is a sham defendant and the Court does have subject matter jurisdiction.

## 3. ANALYSIS

### 3.1 Joinder

There's a preliminary issue: after SPS and U.S. Bank removed this case to federal court, the Warners filed an amended complaint adding IFS as a defendant without asking the Court for leave to do so. The Warners may have incorrectly assumed Federal Rule of Civil Procedure 15(a) applied. Rule 15(a) gives a plaintiff the right to amend once without the court's permission in many cases.

But as SPS and U.S. Bank note, 28 U.S.C. § 1447(e) ("Section 1447") controls diversity-destroying amendments like the one here. Section 1447 provides that "[i]f after removal the

CIVIL MINUTES - GENERAL
Page 4 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, plaintiffs need to get a court's permission before joining non-diverse parties following removal. *See, e.g.*, *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *see also* Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:3642 (The Rutter Group 2016). This procedure can serve as a statutory check on sham defendants.

Nonetheless, the Warners' failure to get the Court's permission before adding IFS as a party is a procedural problem without any practical effect here. The Court has essentially forced the Warners to seek permission to join their supposedly sham defendant by issuing OSC 1 and OSC 2.

**3.2 Jurisdiction**

Accordingly, the Court now turns to the issue of whether IFS is a sham defendant. No one appears to dispute that IFS destroys diversity if it is a party to this case and its citizenship is considered. And if a non-diverse party is joined to a diversity jurisdiction case, the district court must remand the case because it no longer has jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

As this Court has previously recognized, this argument—that the plaintiff fraudulently joined the only non-diverse party—is increasingly being made in federal courts. *See Padilla*, 697 F. Supp. 2d at 1157; *see also* E. Farish Percy, Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L. Rev. 189, 191 (2005) ("The fraudulent joinder doctrine has played an increasingly frequent and critical role in determining whether many civil cases will be litigated in state court or federal court."); *id.* at 192 ("[L]itigants continually wage forum selection battles in hundreds of cases that are removed to federal courts each year based on allegations of fraudulent joinder."). But as this argument has become more common, so has its misuse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

Let's summarize everything SPS and U.S. Bank have to overcome here. They bear the burden of establishing this Court's jurisdiction, since they're the parties asserting that the jurisdiction exists. *See Gaus*, 980 F.2d at 566. They must show that the Warners "could not *possibly*" recover against IFS. *Padilla*, 697 F. Supp. 2d at 1158 (emphasis added). They must make that showing with the Court resolving "*all* disputed questions of fact and *all* ambiguities in the controlling state law . . . in the plaintiff's favor" *Id.* (emphases added). The Warners' failures on this front must be "obvious." *United Computer Sys.*, 298 F.3d at 761. If there are *any* doubts, the defendant loses. *See Gaus*, 980 F.2d at 566.

Of course, the parties dispute whether SPS and U.S. Bank have met this immense burden. As all the parties appear to agree, IFS was the original lender on the note and deed of trust at issue in this case. The Warners argue that IFS is a necessary party to the lawsuit because it is the only party that had privity with the Warners, and the remaining Defendants' rights are tied to that privity. SPS's and U.S. Bank's arguments to the contrary aren't helped by SPS's and U.S. Bank's tendency to overstate their position. For example, they repeatedly state, in their responses to both OSC 1 and OSC 2, that the Warners "essentially admit that they have joined IFS solely in an attempt to destroy jurisdiction." Wow! The Court was initially compelled by such a powerful statement. But here's the statement in the amended complaint that SPS and U.S. Bank point to as this so-called admission: "Plaintiffs have added the original lender on the note, INNOVATIVE FINANCIAL SERVICES, INC, a California Corporation, which now destroys the complete diversity jurisdiction." That's not an admission—it's a statement of fact. This isn't the first or worst example of overstatement in a party's papers. But the Court notes that the boy who cried "admission!" may soon find townspeople neither willing nor able to figure out when he's actually telling the truth.

Even setting this error in advocacy aside, SPS and U.S. Bank haven't met their burden here. They make interesting—and perhaps even potentially successful arguments—about IFS's lack of liability in this matter. Among other things, they argue the statute of limitations has run on the Warners' claims and that the Warners haven't stated sufficient factual allegations against IFS. But these arguments don't satisfy the high standards SPS and U.S. Bank acknowledge in their own response to OSC 2. Even though there might be no *successful* claim against IFS, that doesn't mean that "no *viable* cause of action has been stated" and that "there is *no* factual basis for the claims" against IFS. *See Onelum v. Best Buy Stores L.P.*, 948 F. Supp.

**CIVIL MINUTES - GENERAL**
Page 6 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

2d 1048, 1051 (C.D. Cal. 2013) (emphases added); *see also Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (emphasis added) (holding that a non-diverse defendant can be disregarded in the jurisdictional analysis when "there is no factual detail *at all* to support any claims" against him). Attorneys pleading cases often seek to broadly join defendants involved in the transaction or occurrence. This may or may not be a good strategy and may or may not lead to eventual liability. But a bad or unsuccessful strategy isn't necessarily a sham. The Court finds that IFS is not a sham defendant, and accordingly permits the Warners add it as a defendant. Of course, that means remand is required here.

Finally, the Court notes that remand here comports with policy considerations too. It's well established that the Founders embedded diversity jurisdiction in our Constitution in part to protect out-of-staters from in-state prejudices. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009); Erwin Chemerinsky, Federal Jurisdiction § 5.3.2 (6th ed. 2012) ("The traditional theory is that diversity jurisdiction was intended to protect out-of-state residents from the bias that they might experience, or at least fear that they might face, in state courts."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54 (2005) ("[T]he purpose of the diversity requirement . . . is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants."); *Bank of U.S. v. Deveaux*, 9 U.S. (5 Cranch) 61, 87 (1809) ("[T]he constitution itself either entertains apprehensions on this subject, or views with such indulgence the possible fears and apprehensions of suitors, that it has established national tribunals for the decision of controversies . . . between citizens of different states."), *overruled in part on other grounds by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844); James L. Underwood, The Late, Great Diversity Jurisdiction, 57 Case W. Res. L. Rev. 179, 182 (2006) ("[One] of the most cited justifications for the original grant of diversity jurisdiction [is] protecting, generally, out-of-state litigants from the bias of state court judges and juries . . . ."); E. Farish Percy, Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L. Rev. 189, 198 (2005) (noting that James Madison believed diversity jurisdiction might alleviate prejudice against out of state citizens).

It doesn't seem that SPS and U.S. Bank are at risk of suffering from such prejudices. They certainly haven't asserted that they will. If anything, SPS and U.S. Bank might be most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0753 AG (RAOx) | Date | June 24, 2016 |
|---|---|---|---|
| Title | SHEILA AND RICHARD WARNER v. SELECT PORTFOLIO SERVICING ET AL. | | |

prejudiced by the biases and lack of familiarity with California law that an appellate panel composed of, for example, a judge from Arizona, a judge from Montana, and a judge from Idaho has when it decides an appeal from this case. It certainly "undermines our nation's fundamental notions of federalism and the balance between state and federal governments when a Ninth Circuit judge, perhaps sitting in Alaska, is forced to rule on something as localized as . . . [California housing law]." *Abramson*, 2016 WL 105889, at *2.

**4. DISPOSITION**

The Court REMANDS this case and VACATES all other pending matters.

: 0

Initials of Preparer lmb